UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                              Case No. 07-20283

Armando Canez (D-17),             Honorable Sean F. Cox

    Defendant.
_____/

**OPINION & ORDER
GRANTING IN PART AND DENYING WITHOUT PREJUDICE IN PART
THE GOVERNMENT'S MOTION TO PRODUCE VOICE EXEMPLARS**

This matter is before the Court on the Government's Motion to Produce Voice Exemplars. For the reasons set forth below, the Court shall grant the motion in part and deny the motion in part without prejudice.

BACKGROUND

This case involves an alleged large-scale marijuana conspiracy which operated over the course of several years through several different states. Seventeen defendants have been indicted in this case.

Defendant Armando Canez ("Defendant" or "Canez") is charged with Conspiracy to Possess with Intent to Distribute and to Distribute Marijuana, Over 1000 Kilograms, in violation of 21 U.S.C. §§ 841(a)(1) & 846 (Count I).

On July 21, 2010, the Government filed the instant Motion to Produce Voice Exemplars. (Docket Entry No. 305). The Court heard oral argument on this motion on September 22, 2010.

1

ANALYSIS

In this motion, the Government seeks an order requiring Canez to provide voice exemplars to Special Agent Michael Connelly of the F.B.I. In support of the motion, the Government states that it intends to introduce evidence at trial of recorded telephone calls and of an intercepted conversation at a meeting in which Canez is believed to have participated. The Government asserts that a comparison of Canez's voice exemplars with the recorded conversations will assist the trier of fact and that Canez has no constitutional or statutory right to refuse to produce a voice exemplar.

Canez did not file a response brief in opposition to the motion. At the September 22, 2010 hearing, however, Defense Counsel opposed the motion.

In *United States v. Dionisio*, 410 U.S. 1 (1973) the United States Supreme Court held that a witness subpoenaed to appear before a grand jury could be compelled to produce an exemplar of his voice without violating the Fifth Amendment privilege against compulsory incrimination. The Sixth Circuit has held that *Dionisio* is not limited to the grand jury context and has held that requiring a defendant to submit a voice exemplar does not violate a constitutional right. *United States v. Franks*, 511 F.2d 25, 32 (6th Cir. 1975); *United States v. Mitchell*, 556 F.2d 371, 382 (6th Cir. 1977). Thus, the Sixth Circuit has affirmed district court orders compelling a defendant to provide a voice exemplar. *Franks, supra; Mitchell, supra*. In addition, in *United States v. Williams*, 704 F.2d 315 the Sixth Circuit affirmed a district court's ruling requiring the defendant to read a neutral passage from Time magazine during trial, for the purpose of the jury hearing his voice.

Notably, the Government did not submit a proposed order along with its motion, nor did

it specify the type of voice exemplar it seeks. Rather, the motion simply asks this Court to issue an order "requiring defendant Canez to provide voice exemplars" to Agent Connelly. (Docket Entry No. 305 at 2).

At the September 22, 2010 hearing, the Government indicated, for the first time, that it was asking the Court to order Canez to provide voice exemplars wherein he would speak the very same words that were spoken on the tape recordings at issue.

The Court shall grant the Government's motion in part and deny it without prejudice in part. The Court shall grant the motion to the extent that the Court shall order Canez to provide a voice exemplar, consisting of Canez reading a neutral passage similar to the one referenced in *United States v. Williams*.

The Government's request that Canez be ordered to read the very same words spoken on the tapes at issue, however, is denied without prejudice. If the Government wishes to obtain such a voice exemplar, the Government may file a supplemental brief, within ten (10) days of this Opinion & Order, identifying the authority supporting that request. The Government must also submit a proposed order containing a transcript of any portions of the tape recordings that the Government wishes Canez to read when providing voice exemplars.

If the Government files a supplemental brief, Canez may file a response brief within ten (10) days of the Government's supplemental brief.

CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that the Government's Motion to Produce Voice Exemplars is GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART.

The motion is GRANTED to the extent that the Court ORDERS Canez to provide a voice exemplar, consisting of Canez reading a neutral passage similar to the one referenced in *United States v. Williams*.

The motion is DENIED WITHOUT PREJUDICE with respect to the Government's request that Canez be ordered to read the very same words spoken on the tapes at issue. If the Government wishes to obtain such a voice exemplar, the Government may file a supplemental brief as provided in this Opinion & Order. If the Government files a supplemental brief, Canez may file a response brief within ten (10) days of the Government's supplemental brief.

IT IS SO ORDERED.

        S/Sean F. Cox
        Sean F. Cox
        United States District Judge

Dated: September 27, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 27, 2010, by electronic and/or ordinary mail.

        S/Jennifer Hernandez
        Case Manager