UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                                       Case No. 07-20283

Armando Canez (D-17),                     Honorable Sean F. Cox

    Defendant.
_____/

**OPINION & ORDER
DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND
GRANTING THE GOVERNMENT'S SUPPLEMENTAL MOTION TO PRODUCE
VOICE EXEMPLARS**

      This matter is before the Court on: 1) Defendant's motion seeking reconsideration of this Court's September 27, 2010 Opinion & Order, wherein this Court Ordered Defendant to produce a voice exemplar consisting of Defendant reading a neutral passage; and 2) the Government's supplemental motion asking this Court to order Defendant to provide voice exemplars consisting of specific passages from recorded conversations. The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decisional process. The Court therefore orders that the motion will be decided upon the briefs. *See* Local Criminal Rule 12.1 and Local Civil Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. For the reasons set forth below, the Court shall DENY Defendant's motion for reconsideration and shall GRANT the Government's supplemental motion.

BACKGROUND

1

This case involves an alleged large-scale marijuana conspiracy which operated over the course of several years through several different states. Seventeen defendants have been indicted in this case.

Defendant Armando Canez ("Defendant") is charged with Conspiracy to Possess with Intent to Distribute and to Distribute Marijuana, Over 1000 Kilograms, in violation of 21 U.S.C. §§ 841(a)(1) & 846 (Count I).

On July 21, 2010, the Government filed a Motion to Produce Voice Exemplars. (Docket Entry No. 305). The Court heard oral argument on this motion on September 22, 2010. In this motion, the Government sought an order requiring Defendant to provide voice exemplars to Special Agent Michael Connelly of the F.B.I. In support of the motion, the Government stated that it intends to introduce evidence at trial of recorded telephone calls and of an intercepted conversation at a meeting in which Defendant is believed to have participated. The Government asserted that a comparison of Defendant's voice exemplars with the recorded conversations will assist the trier of fact and that Defendant has no constitutional or statutory right to refuse to produce a voice exemplar. The Government did not submit a proposed order along with its motion, nor did it specify the type of exemplar it was seeking. Rather, the motion simply asked this Court to issue an order "requiring defendant Canez to provide voice exemplars" to Agent Connelly. (Docket Entry No. 305 at 2).

Defendant did not file a response brief in opposition to the motion.

At the September 22, 2010 hearing, Defense Counsel indicated that Defendant opposed the motion. In addition, at that hearing, the Government stated that it was asking the Court to order Defendant to provide voice exemplars wherein he would speak the very same words that

were spoken on the tape recordings at issue.

In an Opinion & Order issued on September 27, 2010 (Docket Entry No. 332), this Court granted the Government's motion in part and denied it in part. This Court granted the motion to the extent that it ordered Defendant to provide a voice exemplar consisting of Defendant reading a neutral passage similar to the one referenced in *United States v. Williams*, 704 F.2d 315 (6th Cir. 1983). This Court denied the motion without prejudice as to the Government's request that Defendant be ordered to read the very same words spoken on the recordings at issue. The Opinion & Order provided that the Government could file a supplemental motion, identifying the authority for its request, along with a proposed order containing a transcript of any portions of the recordings that the Government wishes Defendant to read when providing voice exemplars. (*Id*. at 3).

Thereafter, on October 4, 2010, Defendant filed a "Motion for Partial Reconsideration of the Court's Ruling Regarding Voice Exemplars" (Docket Entry No. 336). On October 5, 2010, Defendant filed an "Amended Motion for Partial Reconsideration of the Court's Ruling Regarding Voice Exemplars." (Docket Entry No. 338).

On October 5, 2010, the Government filed a "Supplemental Motion for the Production of Voice Exemplars." (Docket Entry No. 337). On October 8, 2010, the Government filed an "Amended Supplemental Motion for the Production of Voice Exemplars." (Docket Entry No. 342). The amended motion was filed because the Government had mistakenly omitted to file Exhibits One and Two with the motion it filed on October 5, 2010.

On October 14, 2010, Defendant filed a response brief opposing the Government's supplemental motion for production of voice exemplar. (Docket Entry No. 344).

3

ANALYSIS

A.  <u>The Court Shall Deny Defendant's Motion For Reconsideration (Docket Entry Nos. 336 & 338).</u>

In this motion, Defendant asks this Court to reconsider its ruling that he must provide a voice exemplar consisting of a neutral passage. Defendant argues that introduction of any voice exemplars at trial would be cumulative and unnecessary, given the availability of cooperating witnesses who could identify his voice at trial, and therefore the Court should exclude the use of voice exemplars under FED. R. EVID. 403.

As Defendant recognizes in his motion, a district court's discretion in ruling upon a 403 objection is very broad. *See, e.g., United States v. Deitz*, 577 F.3d 672, 689 (6th Cir. 2009).

At trial, the Government intends to introduce evidence at trial of recorded telephone calls and of an intercepted conversation at a meeting in which Defendant is believed to have participated. The Court finds that a voice exemplar, that the jury can compare with those recorded conversations, has clear probative value. The Court further finds Defendant's argument that such evidence would be unduly cumulative and a waste of time to be without merit. Accordingly, the Court shall deny this motion.

B.  <u>The Court Shall Grant The Government's Supplemental Motion for Production Of Voice Exemplars. (Docket Entry Nos. 337 & 342).</u>

In its Supplemental Motion for Production of Voice Exemplars, the Government seeks an order requiring Defendant to provide a voice exemplar consisting of several passages from the recorded conversations. The Government has attached written transcripts of the recorded conversations. Exhibit 1 to the Government's Motion is a transcript of telephone calls from November 21, 2008, and Exhibit 2 is a transcript of telephone calls from July 26, 2007. These

transcripts, which are single-spaced, total 58 pages. Of these 58 pages, the Government asks the Court to enter an order requiring Defendant to read several passages that total approximately two pages, single-spaced.

In *United States v. Dionisio*, 410 U.S. 1 (1973), the United States Supreme Court held that a witness subpoenaed to appear before a grand jury could be compelled to produce an exemplar of his voice without violating the Fifth Amendment privilege against compulsory incrimination. In that case, the grand jury subpoenaed approximately 20 people, including Dionisio, seeking to obtain voice exemplars which could be compared with recorded conversations that had been received into evidence. Dionisio and the others were asked to "examine a transcript of an intercepted conversation, and to go to a nearby office of the United States Attorney to read the transcript into a recording device." *Id*. at 3. Dionisio and others refused to furnish the exemplars, asserting that doing so would violate their rights under the Fourth and Fifth Amendments. The Government then sought, and obtained, a court order compelling Dioniso and the others to furnish the voice exemplars. The Supreme Court held that requiring grand jury witnesses to provide voice exemplars did not violate their Fourth or Fifth Amendment rights.

In subsequent cases, the Sixth Circuit has held that *Dionisio* is not limited to the grand jury context and has held that requiring a defendant to submit a voice exemplar does not violate a constitutional right. *United States v. Franks*, 511 F.2d 25, 32 (6th Cir. 1975); *United States v. Mitchell*, 556 F.2d 371, 382 (6th Cir. 1977). Thus, the Sixth Circuit has affirmed district court orders compelling a defendant to provide voice exemplars. *Franks, supra; Mitchell, supra*.

Accordingly, the Court agrees that *Dionisio,* and other authority cited by the

Government, including *United States v. Delaplane,* 778 F.2d 570 (10th Cir. 1985), supports the Government's request that Defendant provide a voice exemplar consisting of him reading several passages from transcripts of the recorded conversations.

Defendant opposes the Government's request on several bases.

First, Defendant argues that the Government seeks to compel him to read passages that are "incriminatory and exceed what is necessary for voice identification." (Pl.'s Br. at 3). Defendant cites no authority to support his position. Having carefully considered the order proposed by the Government, and the specific passages contained in it, the Court finds this objection without merit. The short passages selected do not exceed what is necessary for voice identification, nor are they so inflammatory as to be prejudicial to Defendant.

Second, although Defendant acknowledges that the Government *does not* intend to present an expert witness who will use voice print evidence at trial, he nevertheless asks this Court to apply standards developed for use by expert witnesses when spectrographic comparisons are to be made. (Pl.'s Br. at 4). Defendant claims that, in order to be admissible, the voice exemplars should be made in the same way that the original recordings were made. Defendant has not cited any rule of evidence to support his position. Moreover, the cases he cites in support of his position simply do not deal with analogous situations. To the extent that the voice exemplars are not provided under circumstances similar to the recordings, such differences go to the weight to be accorded the evidence admitted at trial, not admissibility.

Third, Defendant asserts that "[i]f the Court is inclined to permit the Government to use all of the suggested passages for the voice exemplars then the Defendant should be permitted to introduce as voice exemplars those portions of the recordings wherein he repeatedly denies

knowledge of events and persons." (Pl.'s Br. at 8). That Defendant may seek to introduce portions of other recordings as evidence at trial does not support his position that the Government's request for verbatim exemplars should be denied. If Defendant seeks to introduce portions of other recordings as evidence at trial, the Court will make appropriate evidentiary rulings at that time.

CONCLUSION & ORDER

For the reasons above, IT IS ORDERED that Defendant's Motion for Reconsideration (Docket Entry Nos. 336 & 338) is DENIED.

IT IS FURTHER ORDERED that the Government's Supplemental Motion for Production Of Voice Exemplars (Docket Entry Nos. 337 & 342) is GRANTED. The Court shall issue the proposed order submitted by the Government.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: October 18, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 18, 2010, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager